# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2010

No. 09-30953

Lyle W. Cayce
Clerk

ATP OIL & GAS CORPORATION, INC.,

Plaintiff - Appellant

v.

MINERALS MANAGEMENT SERVICE; KEN SALAZAR, Secretary, Department of the Interior; MICHAEL R. BROMWICH, Director of the Minerals Management Service; LARS T. HERBST, Regional Director of the Gulf of Mexico OCS Region Minerals as of October 1, 2007; UNITED STATES DEPARTMENT OF INTERIOR,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-1514

Before GARZA and BENAVIDES, Circuit Judges, and LYNN[*], District Judge.

PER CURIAM:[**]

This is an appeal from the district court's order granting Defendant-Appellees' summary judgment motion. Plaintiff-Appellant ATP Oil & Gas Corporation, Inc., ("ATP") challenges the decision of the Interior Board of Land

---

[*] District Judge for the Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30953

Appeals ("Board"), which had affirmed the Minerals Management Service's ("MMS")[1] denial of ATP's request for a Suspension of Operations. For the reasons stated below, we AFFIRM.

We review a district court's order granting summary judgment de novo, applying the same standard to the agency decision as the district court. *See Hayward v. U.S. Dep't of Labor*, 536 F.3d 376, 379 (5th Cir. 2008). We must uphold an agency decision unless it is "arbitrary, capricious, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Enron Oil & Gas Co. v. Lujan*, 978 F.2d 212, 215 (5th Cir. 1992).

We have reviewed the briefs and record in this case, and heard oral argument. We hold that the Board's decision affirming the denial of the Suspension of Operations was not arbitrary, capricious, or otherwise at odds with the law. The MMS followed its regulations in denying ATP's request for a Suspension of Operations because ATP did not have an executed drilling-rig contract, an approved Exploration Plan, or an Application for Permit to Drill.

AFFIRMED.

---

[1] The Department of the Interior has changed the name of MMS to the Bureau of Ocean Energy, Management, Regulation and Enforcement. At oral argument the parties requested, and the panel agreed, to refer to the agency by its former name.